# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60658
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

MARK KEVIN WILSON,

Plaintiff – Appellant

v.

CITY OF BILOXI, MISSISSIPPI; KENNETH WINDLAND,

Defendants – Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CV-126

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Mark Kevin Wilson appeals the district court's judgment in favor of the defendants on his claims under the Mississippi Tort Claims Act arising out of an automobile collision between him and Kenneth Windland, a police officer employed by the City of Biloxi. Following a bench trial, the district court concluded that Officer Windland had not acted with reckless disregard for Wilson's safety and well-being, as required for liability under the Mississippi

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60658

Tort Claims Act.  The district court found that at the time of the collision, Officer Windland had slowed to approximately 30 mph on Interstate 10 (below the minimum speed of 40 mph) because he had seen a vehicle with an expired tag and was trying to pull over that vehicle.  The district court concluded that under the circumstances, Officer Windland's actions "constituted at most negligence."

In an appeal following a bench trial, we review findings of fact for clear error and legal issues *de novo*. *Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006).  Wilson argues that the district court erred in believing the testimony of Officer Windland rather than that of witness Joseph Rockco, who testified that Officer Windland was initially stopped on the median and had attempted to enter the flow of traffic at a low speed.  The district court explained at length why it found Rockco's testimony to be not credible, and we find no error, clear or otherwise, in its determination.  Wilson also argues that Officer Windland admitted in his testimony that his actions constituted reckless disregard.  This is inaccurate, and, more importantly, irrelevant; "reckless disregard" is a legal standard that does not turn on Officer Windland's own assessment of his conduct.  Finding no reversible error, we AFFIRM the judgment of the district court.